B10 (Official...)

# UNITED STATES BANKRUPTCY COURT District of Colorado

## PROOF OF CLAIM

| | | |
|---|---|---|
| Name of Debtor: Grassy Creek Holding Company, LLC | Judge Initials: ABC | Case Number: 08-25330 |

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**Robinson Construction Co.**

Name and address where notices should be sent:
John H. Bernstein, Esq.
Kutak Rock LLP
1801 California St.
Suite 3100
Denver, CO 80202-2626

Telephone number: 303-297-2400

Name and address where payment should be sent (if different from above):

Telephone number:

**FOR COURT USE ONLY**

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Numbers: _____
(*If known*)

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $3,049,754.35 plus interest and attorneys' fees

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. **Basis For Claim:** See attached Exhibit A
   (See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff: ☒ Real Estate   ☐ Motor Vehicle   ☐ Other
   Describe:
   Value of Property: $Unknown     Annual Interest Rate ___%
   Amount of arrearage and other charges as of time case filed included in secured claim,
   if any: $_____   Basis for perfection: Construction Lien _____
   Amount of Secured Claim: $3,049,754.35 plus interest and attorneys' fees

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

   Specify the priority of the claim.

   ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

   ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507(a)(4).

   ☐ Contributions to an employee benefit plan - 11 U.S.C. §507(a)(5).

   ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507(a)(7).

   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507(a)(8).

   ☐ Other - Specify applicable paragraph of 11 U.S.C. §507(a)(__).

   **Amount entitled to priority:**
   $_____

   *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

Date: 1/12/09

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

*[signature]*
Randy S. Robinson, President

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 1652 and 3571.

**EXHIBIT C**

4831-2124-6723.1

Case:08-25330-ABC Doc#:288-3 Filed:08/11/11 Entered:08/11/11 15:39:20 Page2 of 15

## EXHIBIT A TO ROBINSON CONSTRUCTION CO.'S PROOF OF CLAIM

Robinson Construction Co. asserts a secured claim, to the extent Debtor claims any interests in real property located in a project known as Mount Harris at Grassy Creek, against Debtor in the sum of $3,049,754.35, plus interest and attorneys' fees based upon the following:

1. Debtor and Robinson Construction Co. entered into a contract for construction services at Mount Harris at Grassy Creek on June 19, 2006 (the "Contract") in the original sum of $5,857,595. Debtor owes Robinson Construction Co. the sum of $3,049,754.35 plus interest at the rate of 12% per annum and attorneys' fees. A copy of the Contract is attached hereto as **Exhibit A-1.**

2. The amounts owing to Robinson Construction Co. pursuant to the Contract are secured through a Statement of Lien filed by Robinson Construction Co. on the Mount Harris project. The Statement of Lien was filed in the office of the clerk and recorder of Routt County, Colorado on August 27, 2007, a copy of which is attached hereto as **Exhibit A-2.**



AIA®
Document A101™ – 1997

## *Standard Form of Agreement Between Owner and Contractor*
*where the basis of payment is a STIPULATED SUM*

**AGREEMENT** made as of the Nineteenth day of June in the year of Two Thousand Six
*(In words, indicate day, month and year)*

**BETWEEN** the Owner:
*(Name, address and other information)*

Grassy Creek Holdings, LLC; Colorado Oasis Development, LLC, or Assigns
120 W. Broadway
Altus, OK 73521

and the Contractor:
*(Name, address and other information)*

Robinson Construction Co.
21360 NW Amberwood Drive
Hillsboro, OR 97124
Telephone Number: 503-645-8531
Fax Number: 503-645-5357

The Project is:
*(Name and location)*

Mount Harris at Grassy Creek
Routt County, Colorado

The Architect is:
*(Name, address and other information)*

Landmark Consultants, Inc.
141 9th Street
Steamboat Springs, CO 80477

The Owner and Contractor agree as follows.
Infrastructure improvements per documents.

**ADDITIONS AND DELETIONS:**
The author of this document has added information needed for its completion. The author may also have revised the text of the original AIA standard form. An *Additions and Deletions Report* that notes added information as well as revisions to the standard form text is available from the author and should be reviewed. A vertical line in the left margin of this document indicates where the author has added necessary information and where the author has added to or deleted from the original AIA text.

This document has important legal consequences. Consultation with an attorney is encouraged with respect to its completion or modification.

AIA Document A201-1997, General Conditions of the Contract for Construction, is adopted in this document by reference. Do not use with other general conditions unless this document is modified.

This document has been approved and endorsed by The Associated General Contractors of America.

EXHIBIT
tabbles
A-1

AIA Document A101™ – 1997. Copyright © 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, 1991 and 1997 by The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was produced by AIA software at 10:14:11 on 06/30/2006 under Order No.1000210580_4 which expires on 12/21/2006, and is not for resale.
User Notes:



**ARTICLE 1 THE CONTRACT DOCUMENTS**

The Contract Documents consist of this Agreement, Conditions of the Contract (General, Supplementary and other Conditions), Drawings, Specifications, Addenda issued prior to execution of this Agreement, other documents listed in this Agreement and Modifications issued after execution of this Agreement; these form the Contract, and are as fully a part of the Contract as if attached to this Agreement or repeated herein. The Contract represents the entire and integrated agreement between the parties hereto and supersedes prior negotiations, representations or agreements, either written or oral. An enumeration of the Contract Documents, other than Modifications, appears in Article 8.

**ARTICLE 2 THE WORK OF THIS CONTRACT**

The Contractor shall fully execute the Work described in the Contract Documents, except to the extent specifically indicated in the Contract Documents to be the responsibility of others.

**ARTICLE 3 DATE OF COMMENCEMENT AND SUBSTANTIAL COMPLETION**

**§ 3.1** The date of commencement of the Work shall be the date of this Agreement unless a different date is stated below or provision is made for the date to be fixed in a notice to proceed issued by the Owner.
*(Insert the date of commencement if it differs from the date of this Agreement or, if applicable, state that the date will be fixed in a notice to proceed.)*

June 05, 2006

If, prior to the commencement of the Work, the Owner requires time to file mortgages, mechanic's liens and other security interests, the Owner's time requirement shall be as follows:

**§ 3.2** The Contract Time shall be measured from the date of commencement.

**§ 3.3** The Contractor shall achieve Substantial Completion of the entire Work not later than days from the date of commencement, or as follows:
*(Insert number of calendar days. Alternatively, a calendar date may be used when coordinated with the date of commencement. Unless stated elsewhere in the Contract Documents, insert any requirements for earlier Substantial Completion of certain portions of the Work.)*

The Contractor shall achieve Substantial Completion of the entire Work not later than October 01, 2006

| Portion of Work | Substantial Completion Date |
| --- | --- |

, subject to adjustments of this Contract Time as provided in the Contract Documents.
*(Insert provisions, if any, for liquidated damages relating to failure to complete on time or for bonus payments for early completion of the Work.)*

**ARTICLE 4 CONTRACT SUM**

**§ 4.1** The Owner shall pay the Contractor the Contract Sum in current funds for the Contractor's performance of the Contract. The Contract Sum shall be Five Million Eight Hundred Fifty-seven Thousand Five Hundred Ninety-five Dollars and Zero Cents ($ 5,857,595.00 ), subject to additions and deductions as provided in the Contract Documents.

**§ 4.2** The Contract Sum is based upon the following alternates, if any, which are described in the Contract Documents and are hereby accepted by the Owner:
*(State the numbers or other identification of accepted alternates. If decisions on other alternates are to be made by the Owner subsequent to the execution of this Agreement, attach a schedule of such other alternates showing the amount for each and the date when that amount expires)*

AIA Document A101™ – 1997. Copyright © 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, 1991 and 1997 by The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was produced by AIA software at 10:14:11 on 06/30/2006 under Order No.1000210580_4 which expires on 12/21/2006, and is not for resale.

N/A

§ 4.3 Unit prices, if any, are as follows:

| Description | Units | Price ($ 0.00) |
|---|---|---|
| See Attachment 'A' - Mt. Harris Construction Budget Revision #2 (dated 6/12/06) | | |

**ARTICLE 5 PAYMENTS**

**§ 5.1 PROGRESS PAYMENTS**

**§ 5.1.1** Based upon Applications for Payment submitted to the Architect by the Contractor and Certificates for Payment issued by the Architect, the Owner shall make progress payments on account of the Contract Sum to the Contractor as provided below and elsewhere in the Contract Documents.

**§ 5.1.2** The period covered by each Application for Payment shall be one calendar month ending on the last day of the month, or as follows:

Two applications per month - the 30th and 15th of each month

**§ 5.1.3** Provided that an Application for Payment is received by the Architect not later than the Thirtieth day of a month, the Owner shall make payment to the Contractor not later than the Fifteenth day of the following month. If an Application for Payment is received by the Architect after the application date fixed above, payment shall be made by the Owner not later than Five ( 5 ) days after the Architect receives the Application for Payment.

**§ 5.1.4** Each Application for Payment shall be based on the most recent schedule of values submitted by the Contractor in accordance with the Contract Documents. The schedule of values shall allocate the entire Contract Sum among the various portions of the Work. The schedule of values shall be prepared in such form and supported by such data to substantiate its accuracy as the Architect may require. This schedule, unless objected to by the Architect, shall be used as a basis for reviewing the Contractor's Applications for Payment.

**§ 5.1.5** Applications for Payment shall indicate the percentage of completion of each portion of the Work as of the end of the period covered by the Application for Payment.

**§ 5.1.6** Subject to other provisions of the Contract Documents, the amount of each progress payment shall be computed as follows:

.1 Take that portion of the Contract Sum properly allocable to completed Work as determined by multiplying the percentage completion of each portion of the Work by the share of the Contract Sum allocated to that portion of the Work in the schedule of values, less retainage of Five percent ( 5.00% ). Pending final determination of cost to the Owner of changes in the Work, amounts not in dispute shall be included as provided in Section 7.3.8 of AIA Document A201-1997;

.2 Add that portion of the Contract Sum properly allocable to materials and equipment delivered and suitably stored at the site for subsequent incorporation in the completed construction (or, if approved in advance by the Owner, suitably stored off the site at a location agreed upon in writing), less retainage of Five percent ( 5.00% );

.3 Subtract the aggregate of previous payments made by the Owner; and

.4 Subtract amounts, if any, for which the Architect has withheld or nullified a Certificate for Payment as provided in Section 9.5 of AIA Document A201-1997.

**§ 5.1.7** The progress payment amount determined in accordance with Section 5.1.6 shall be further modified under the following circumstances:

AIA Document A101™ – 1997. Copyright © 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, 1991 and 1997 by The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was produced by AIA software at 10:14:11 on 06/30/2006 under Order No. 1000210580_4 which expires on 12/21/2006, and is not for resale.
User Notes:

(2870852832)



    .1 Add, upon Substantial Completion of the Work, a sum sufficient to increase the total payments to the full amount of the Contract Sum, less such amounts as the Architect shall determine for incomplete Work, retainage applicable to such work and unsettled claims; and
*(Section 9.8.5 of AIA Document A201-1997 requires release of applicable retainage upon Substantial Completion of Work with consent of surety, if any.)*

.2 Add, if final completion of the Work is thereafter materially delayed through no fault of the Contractor, any additional amounts payable in accordance with Section 9.10.3 of AIA Document A201-1997.

§ 5.1.8 Reduction or limitation of retainage, if any, shall be as follows:
*(If it is intended, prior to Substantial Completion of the entire Work, to reduce or limit the retainage resulting from the percentages inserted in Sections 5.1.6.1 and 5.1.6.2 above, and this is not explained elsewhere in the Contract Documents, insert here provisions for such reduction or limitation.)*

§ 5.1.9 Except with the Owner's prior approval, the Contractor shall not make advance payments to suppliers for materials or equipment which have not been delivered and stored at the site.

**§ 5.2 FINAL PAYMENT**
**§ 5.2.1** Final payment, constituting the entire unpaid balance of the Contract Sum, shall be made by the Owner to the Contractor when:

.1 the Contractor has fully performed the Contract except for the Contractor's responsibility to correct Work as provided in Section 12.2.2 of AIA Document A201-1997, and to satisfy other requirements, if any, which extend beyond final payment; and

.2 a final Certificate for Payment has been issued by the Architect.

**§ 5.2.2** The Owner's final payment to the Contractor shall be made no later than 30 days after the issuance of the Architect's final Certificate for Payment, or as follows:

**ARTICLE 6 TERMINATION OR SUSPENSION**
**§ 6.1** The Contract may be terminated by the Owner or the Contractor as provided in Article 14 of AIA Document A201-1997.

**§ 6.2** The Work may be suspended by the Owner as provided in Article 14 of AIA Document A201-1997.

**ARTICLE 7 MISCELLANEOUS PROVISIONS**
**§ 7.1** Where reference is made in this Agreement to a provision of AIA Document A201-1997 or another Contract Document, the reference refers to that provision as amended or supplemented by other provisions of the Contract Documents.

**§ 7.2** Payments due and unpaid under the Contract shall bear interest from the date payment is due at the rate stated below, or in the absence thereof, at the legal rate prevailing from time to time at the place where the Project is located.
*(Insert rate of interest agreed upon, if any.)*

Twelve percent ( 12.00% ) per annum

*(Usury laws and requirements under the Federal Truth in Lending Act, similar state and local consumer credit laws and other regulations at the Owner's and Contractor's principal places of business, the location of the Project and*

AIA Document A101™ – 1997. Copyright © 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, 1991 and 1997 by The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was produced by AIA software at 10:14:11 on 06/30/2006 under Order No.1000210580_4 which expires on 12/21/2006, and is not for resale.
User Notes:

Case:08-25330-ABC Doc#:288-3 Filed:08/11/11 Entered:08/11/11 15:39:20 Page7 of 15

*elsewhere may affect the validity of this provision. Legal advice should be obtained with respect to deletions or modifications, and also regarding requirements such as written disclosures or waivers.)*

**§ 7.3** The Owner's representative is:
*(Name, address and other information)*

Ron Sills
120 W. Broadway
Altus, OK 73521

**§ 7.4** The Contractor's representative is:
*(Name, address and other information)*

Ryan Barackman
21360 NW Amberwood Drive
Hillsboro, OR 97124

**§ 7.5** Neither the Owner's nor the Contractor's representative shall be changed without ten days written notice to the other party.

**§ 7.6** Other provisions:

## ARTICLE 8 ENUMERATION OF CONTRACT DOCUMENTS

**§ 8.1** The Contract Documents, except for Modifications issued after execution of this Agreement, are enumerated as follows:

**§ 8.1.1** The Agreement is this executed 1997 edition of the Standard Form of Agreement Between Owner and Contractor, AIA Document A101-1997.

**§ 8.1.2** The General Conditions are the 1997 edition of the General Conditions of the Contract for Construction, AIA Document A201-1997.

**§ 8.1.3** The Supplementary and other Conditions of the Contract are those contained in the Project Manual dated , and are as follows

| Document | Title | Pages |
|---|---|---|

**§ 8.1.4** The Specifications are those contained in the Project Manual dated as in Section 8.1.3, and are as follows:
*(Either list the Specifications here or refer to an exhibit attached to this Agreement.)*
Title of Specifications exhibit:

*(Rows deleted)*

**§ 8.1.5** The Drawings are as follows, and are dated June 11, 2003 unless a different date is shown below:
*(Either list the Drawings here or refer to an exhibit attached to this Agreement.)*
Title of Drawings exhibit: Attachment 'B' (1 page)

*(Rows deleted)*

**§ 8.1.6** The Addenda, if any, are as follows:

AIA Document A101™ – 1997. Copyright © 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, 1991 and 1997 by The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was produced by AIA software at 10:14:11 on 06/30/2006 under Order No.1000210580_4 which expires on 12/21/2006, and is not for resale.

Case:08-25330-ABC Doc#:288-3 Filed:08/11/11 Entered:08/11/11 15:39:20 Page8 of 15

Number Date Pages

Portions of Addenda relating to bidding requirements are not part of the Contract Documents unless the bidding requirements are also enumerated in this Article 8.

§ 8.1.7 Other documents, if any, forming part of the Contract Documents are as follows:
*(List here any additional documents that are intended to form part of the Contract Documents. AIA Document A201-1997 provides that bidding requirements such as advertisement or invitation to bid, Instructions to Bidders, sample forms and the Contractor's bid are not part of the Contract Documents unless enumerated in this Agreement. They should be listed here only if intended to be part of the Contract Documents.)*

Attachment A - Mt. Harris Construction Budget Revision #2 (dated 6/12/06 - 2 pages)

This Agreement is entered into as of the day and year first written above and is executed in at least three original copies, of which one is to be delivered to the Contractor, one to the Architect for use in the administration of the Contract, and the remainder to the Owner.

| OWNER (Signature) | CONTRACTOR (Signature) |
|---|---|
| (Printed name and title) | (Printed name and title) |

AIA Document A101™ – 1997. Copyright © 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, 1991 and 1997 by The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was produced by AIA software at 10:14:11 on 06/30/2006 under Order No.1000210580_4 which expires on 12/31/2006, and is not for resale.
User Notes: (2870850832)

RECEPTION#: 662984, 08/27/2007 at 10:53:20 AM, 1 OF 7, R $36.00 Doc Code:LIEN
Kay Weinland, Routt County, CO

STATEMENT OF LIEN

In accordance with Article 22 of Title 38 of the Colorado Revised Statutes,

ROBINSON CONSTRUCTION CO.

makes the following statement of lien:

FIRST: That the name of the owner or reputed owner of such property to be charged with the lien is

GRASSY CREEK HOLDINGS, LLC, COLORADO OASIS DEVELOPMENT, LLC, OR ASSIGNS; See attachment "A" for names of additional owners.

SECOND: That the name and mailing address of the person claiming the lien is Robinson Construction Co., 21360 NW Amberwood Drive, Hillsboro, OR 97124, ☐ a subcontractor, ☒ Principal Contractor. That the name of the person who furnished the laborers or material or performed the labor or services, or supplied the machinery, tools or equipment for which said lien is claimed is Robinson Construction Co.

THIRD. That the property to be charged with such lien is described as follows:
(See Attachment "B" for the metes and bounds description.)

LOT 1 GRASSY CREEK AT MT. HARRIS FINAL PLAT
LOT 2 GRASSY CREEK AT MT. HARRIS FINAL PLAT
LOT 3 GRASSY CREEK AT MT. HARRIS FINAL PLAT
LOT 4 GRASSY CREEK AT MT. HARRIS FINAL PLAT
LOT 5 GRASSY CREEK AT MT. HARRIS FINAL PLAT
LOT 6 GRASSY CREEK AT MT. HARRIS FINAL PLAT
PT OF LOT 18 GRASSY CREEK AT MT. HARRIS FINAL PLAT (39.07A TAX AREA 35)
PT OF LOT 18 GRASSY CREEK AT MT. HARRIS FINAL PLAT (18A TAX AREA 51)
LOT 24 GRASSY CREEK AT MT. HARRIS FINAL PLAT
LOT 25 GRASSY CREEK AT MT. HARRIS FINAL PLAT
LOT 26 GRASSY CREEK AT MT. HARRIS FINAL PLAT
PT OF LOT 27 GRASSY CREEK AT MT. HARRIS FINAL PLAT (32.03A TAX AREA 51)
PT OF LOT 27 GRASSY CREEK AT MT. HARRIS FINAL PLAT (32.03A TAX AREA 35)
LOT 28 GRASSY CREEK AT MT. HARRIS FINAL PLAT
LOT 29 GRASSY CREEK AT MT. HARRIS FINAL PLAT
LOT 30 GRASSY CREEK AT MT. HARRIS FINAL PLAT
LOT 8 GRASSY CREEK AT MT. HARRIS FINAL PLAT
LOT 9 GRASSY CREEK AT MT. HARRIS FINAL PLAT
LOT 10 GRASSY CREEK AT MT. HARRIS FINAL PLAT
LOT 11 GRASSY CREEK AT MT. HARRIS FINAL PLAT
LOT 12 GRASSY CREEK AT MT. HARRIS FINAL PLAT
LOT 13 GRASSY CREEK AT MT. HARRIS FINAL PLAT
LOT 14 GRASSY CREEK AT MT. HARRIS FINAL PLAT
LOT 15 GRASSY CREEK AT MT. HARRIS FINAL PLAT
LOT 16 GRASSY CREEK AT MT. HARRIS FINAL PLAT
LOT 17 GRASSY CREEK AT MT. HARRIS FINAL PLAT
LOT 7 GRASSY CREEK AT MT. HARRIS FINAL PLAT
LOT 19 GRASSY CREEK AT MT. HARRIS FINAL PLAT
LOT 20 GRASSY CREEK AT MT. HARRIS FINAL PLAT
LOT 21 GRASSY CREEK AT MT. HARRIS FINAL PLAT
LOT 22 GRASSY CREEK AT MT. HARRIS FINAL PLAT
LOT 31 GRASSY CREEK AT MT. HARRIS FINAL PLAT
LOT 32 GRASSY CREEK AT MT. HARRIS FINAL PLAT
LOT 33 GRASSY CREEK AT MT. HARRIS FINAL PLAT
LOT 34 GRASSY CREEK AT MT. HARRIS FINAL PLAT
LOT 35 GRASSY CREEK AT MT. HARRIS FINAL PLAT
LOT 36 GRASSY CREEK AT MT. HARRIS FINAL PLAT
LOT 37 GRASSY CREEK AT MT. HARRIS FINAL PLAT
LOT 38 GRASSY CREEK AT MT. HARRIS FINAL PLAT
LOT 39 GRASSY CREEK AT MT. HARRIS FINAL PLAT
LOT 40 GRASSY CREEK AT MT. HARRIS FINAL PLAT
LOT 23 GRASSY CREEK AT MT. HARRIS FINAL PLAT

also known as a tract of land located in the East and West Parcels of Land located in Sections 16, 21, 22, 27 and 28, Township 6 North, Range 87 West of the Sixth Principal Meridian, situated in the County of Routt, State of Colorado. That the said lien is held for and on account of the supply of labor and materials for the installation of infrastructure.

EXHIBIT
tabbles
A-2

Case 08-25330-ABC Claim 5-1 Filed 01/14/09 Desc Main Document Page 10 of 15

RECEPTION#: 662984, 08/27/2007 at 10:53:20 AM, 2 OF 7 Doc Code:LIEN, Kay Weinland, Routt County, CO

FOURTH: That the amount of indebtedness due or owing the claimant for which said lien is claimed, for laborers or material furnished, labor and services performed, machinery, tools and equipment supplied is $3,049,754.35, together with interest thereon at the legal rate.

ROBINSON CONSTRUCTION CO.
Claimant

By
Michael J. Glade, Attorney for Claimant

STATE OF COLORADO

City and County of Denver

I, Michael J. Glade, being of lawful age and being first duly sworn upon oath, do say that I am attorney for the claimant herein named; that I have read the within statement of lien and abstract of indebtedness and know the contents thereof; and that the same is true and correct, to the best of my knowledge, information and belief, and is made on behalf of the claimant.

Michael J. Glade

Subscribed and sworn to before me in the City and County of Denver, State of Colorado this 17th day August 2007.

My commission expires: 1-4-2008

Witness my hand and official seal.

ANGELA DALLIN
NOTARY PUBLIC
STATE OF COLORADO
My Commission Expires 01/04/2008

Notary Public

Name and Address of Person Creating Newly Created Legal Description (§38-35-106.5, C.R.S.)

No. 180A. Rev. 8-00. STATEMENT OF LIEN WITH NOTICE OF INTENT TO FILE A LIEN STATEMENT (Page 2 of 3)

RECEPTION#: 662984, 08/27/2007 at 10:53:20 AM, 3 OF 7 Doc Code:LIEN, Kay Weinland, Routt County, CO

**NOTICE OF INTENT TO FILE A LIEN STATEMENT**

TO THE OWNER AND TO THE PRINCIPAL CONTRACTOR:

Take Notice that the Lien Claimant set forth on the Statement of Lien contained on the reverse of this Notice claims a Mechanic's Lien for laborers or material or equipment supplied to, or labor performed on, the project situate upon the real property described on said Statement of Lien, for the amount stated. If payment is not made within ten (10) days, the Claimant intends to record said Statement of Lien in the County wherein the real property is located. This notice is given pursuant to Section 38-22-109(3) C.R.S.

Signature

Michael J. Glade
Inman Flynn Biesterfeld Brentlinger & Moritz, P.C.
1660 Lincoln Street, Suite 1700, Denver, CO 80264
Attorney's Name and Address

ROBINSON CONSTRUCTION CO.
21360 NW Amberwood Drive
Hillsboro, OR 97124
Type Name and Address of Claimant Above

**AFFIDAVIT OF SERVICE OR MAILING – OWNER**

STATE OF COLORADO

City and County of Denver

The undersigned, being of lawful age and being first duly sworn upon oath, deposes and says that this Notice of Intent to File a Lien Statement was mailed by fully prepaid certified mail, return receipt requested, to the last known address of the owner or reputed owner or his agent, as follows: Grassy Creek Holding Company, LLC, c/o Alexander Law Firm, P.C., 1580 Lincoln Street, Suite 700, Denver, CO 80203-1501; Grassy Creek Holding Company, LLC, P.O. Box 774406, Steamboat Springs, CO 80477; Grassy Creek Holdings, LLC, 120 West Broadway, Altus, OK, 73521; (See attachment "A" for the names and addresses of additional owners for which this "Affidavit" applies) on the 14th day of August, 2007.

Subscribed and sworn to before me in the City and County of Denver, State of Colorado, this 14th day of August, 2007.

My commission expires: __________,

Witness my hand and official seal.

Notary Public

KIMBERLY R. CORR NOTARY PUBLIC STATE OF COLORADO
My Commission Expires 09/20/2008

**AFFIDAVIT OF SERVICE OR MAILING – CONTRACTOR**

STATE OF COLORADO

City and County of Denver

The undersigned, being of lawful age and being first duly sworn upon oath, deposes and says that this Notice of Intent to File a Lien Statement was mailed by fully prepaid certified mail, return receipt requested, to the last known address of the principal or prime contractor or his agent, as follows: __________ on the 14th day of August, 2007.

Subscribed and sworn to before me in the City and County of Denver, State of Colorado, this 14th day of August, 2007.

My commission expires: __________.

Witness my hand and official seal.

Notary Public

KIMBERLY R. CORR NOTARY PUBLIC STATE OF COLORADO
My Commission Expires 09/20/2008

**AFFIDAVIT OF SERVICE OR MAILING PRIOR TO FILING LIEN STATEMENT**

STATE OF COLORADO

City and County of Denver

The undersigned, being of lawful age and being first duly sworn, deposes and says that this Notice of Intent to File a Lien Statement was served pursuant to Section 38-22-109(3) C.R.S, as evidenced by the Affidavits of Service or Mailing, at least ten (10) days before the time of filing the Lien Statement with the County Clerk and Recorder.

Ava Carpenter

Subscribed and sworn to before me in the City and County of Denver, State of Colorado, this 23rd day of August, 2007.

My commission expires: __________.

Witness my hand and official seal.

Notary Public

KATHLEEN M. KOJIK NOTARY PUBLIC STATE OF COLORADO
My Commission Expires 08/16/2010

RECEPTION#: 662984, 08/27/2007 at 10:53:20 AM, 4 OF 7 Doc Code:LIEN, Kay Weinland, Routt County, CO

| OwnerAddress1 | OwnerAddress3 | City | State | ZipCode | Zip5 |
|---|---|---|---|---|---|
| RAMOS, C. JOSEPH | 259 RICHARDSON DR | MILL VALLEY | CA | 94941-2518 | 94941 |
| MOUNTAIN ADVENTURE | 120 W. BROADWAY | ALTUS | OK | 73521-3802 | 73521 |
| MOUNTAIN ADVENTURE | 120 W. BROADWAY | ALTUS | OK | 73521-3802 | 73521 |
| MOUNTAIN ADVENTURE | 120 W. BROADWAY | ALTUS | OK | 73521-3802 | 73521 |
| CARTER, MICHAEL C. | 1547 EDISON ST | SANTA YNEZ | CA | 93460-9438 | 93460 |
| CARTER, MICHAEL C. | 1547 EDISON ST | SANTA YNEZ | CA | 93460-9438 | 93460 |
| MOUNTAIN ADVENTURE | 120 W. BROADWAY | ALTUS | OK | 73521-3802 | 73521 |
| MOUNTAIN ADVENTURE | 120 W. BROADWAY | ALTUS | OK | 73521-3802 | 73521 |
| STEWART, TODD A. | | SEDALIA | CO | 80135-0725 | 80135 |
| K2 BUILDERS, INC. | | STEAMBOAT SPRINGS | CO | 80477-4000 | 80477 |
| JOHNSON, ROGER A. II | P O BOX 774406 | STEAMBOAT SPRINGS | CO | 80477-4406 | 80477 |
| HUBER, DANIEL R. | | HILTON HEAD | SC | 29928-3341 | 29928 |
| HUBER, DANIEL R. | | HILTON HEAD | SC | 29928-3341 | 29928 |
| GAN, KAREN A. | 2020 TAPIA WY | UPLAND | CA | 91784-1471 | 91784 |
| NEFFENDORF, DALE | 111 CREEKSIDE DR | RIFLE | CO | 81650-9004 | 81650 |
| SILLS, SHAWN M. | 3004 HIGHWAY 238 | JACKSONVILLE | OR | 97530-9391 | 97530 |
| SILLS, ANITA C. | 680 CANYON CREEK DR | GLENWOOD SPRINGS | CO | 81601-9727 | 81601 |
| SILLS, MARK A. | 111 CREEKSIDE DR | RIFLE | CO | 81650-9004 | 81650 |
| BRADDOCK, DAVID B. & SUZIE D. (JT) | 2817 LEARLY LN | ALTUS | OK | 73522-1257 | 73522 |
| CROW FAMILY LIMITED PARTNERSHIP | 8910 N. DELAND DR | JACKSON | WY | 83001-9005 | 83001 |
| COQUILLARD, J. NORWELL | P O BOX 5674 | MINNEAPOLIS | MN | 55440-5674 | 55440 |
| GHOST HOLE PARTNERS, LLC | 575 B AVE | LAKE OSWEGO | OR | 97034-3015 | 97034 |
| √EDISN VENTURES, LLC | 37500 GARRETTS LAKE RD | SHAWNEE | OK | 74804-9478 | 74804 |
| CARTER, MICHAEL C. | 1547 EDISON ST | SANTA YNEZ | CA | 93460-9438 | 93460 |
| ADRIAN, GEORGE T. | 810 BONITO LN | KEY LARGO | FL | 33687-3802 | 33687 |
| ADRIAN, GEORGE THEODORE | 810 BONITO LN | KEY LARGO | FL | 33687-3802 | 33687 |
| RAY, WILLIAM C. | P O BOX 821 | ALTUS | OK | 73522-0821 | 73522 |
| DANIELLE PROPERTIES, LLC | 1718 COCONUT DR | FT PIERCE | FL | 34949-3439 | 34949 |
| CLARK, KENNETH S. & JANE E. | 4317 VIVIAN ST | BELLAIRE | TX | 77401-5628 | 77401 |

EXHIBIT
A

RECEPTION#: 662984, 08/27/2007 at 10:53:20 AM, 5 OF 7 Doc Code:LIEN, Kay Weinland, Routt County, CO

| | | | | | | |
|---|---|---|---|---|---|---|
| FELDMAN FAMILY, LLC | HAIDER CLARK (JT) 1316 GREEN COVE RD | | WINTER PARK | FL | 32789 | 32789 |
| DOUGHTY, PAUL H. | | P O BOX 979 | ALTUS | OK | 75322-0979 | 75322 |
| BAKER, JACK | | 348 AVENIDA DE LAS ROSAS | ENCINITAS | CA | 92024-4716 | 92024 |
| MAURER, WAYNE & KATHERINE (JT) | | 569 E HILL RD | GLEN GARDNER | NJ | 08826-3302 | 8826 |
| FIFTH TODD A. STEWART FAMILY | LIMITED PARTNERSHIP | P O BOX 725 | SEDALIA | CO | 80135-0725 | 80135 |
| WALTERS, MICHAEL & GLORIA M. (JT) | | 10 N BOUNTY LN | KEY LARGO | FL | 33037-2304 | 33037 |
| LEVERETT, JOE L. | | 504 VILLA DEL SOL | ALTUS | OK | 73521-1108 | 73521 |
| MOUNTAIN ADVENTURE | PROPERTY INVESTMENTS, LLC | 120 W. BROADWAY | ALTUS | OK | 73521-3802 | 73521 |
| CROW FAMILY LIMITED PARTNERSHIP | | 8910 N. DELAND DR | JACKSON | WY | 83001-9005 | 83001 |
| DOUGHTY, PAUL H. | | 120 W. BROADWAY | ALTUS | OK | 73521-3802 | 73521 |
| CROW FAMILY LIMITED PARTNERSHIP | | 8910 N. DELAND DR | JACKSON | WY | 83001-9005 | 83001 |
| RAMOS, C. JOSEPH | | 259 RICHARDSON DR | MILL VALLEY | CA | 94941-2518 | 94941 |
| GLOBAL INDUSTRIAL MANAGEMENT, LLC | | 3717 PILGRIM LN | ALTUS | OK | 75321-1068 | 75321 |

Case 08-25330-ABC Claim 5-1 Filed 01/14/09 Desc Main Document Page 14 of 15
RECEPTION#: 662984, 08/27/2007 at 10:53:20 AM, 5 OF 7 Doc Code:LIEN, Kay Weinland, Routt County, CO

# GRASSY CREEK AT MT. HARRIS FINAL PLAT

LOCATED IN SECTIONS 16, 21, 22, 27 & 28
T6N, R87W, 6TH P.M., ROUTT COUNTY, COLORADO

GRASSY CREEK
AT MT. HARRIS

VICINITY MAP
Scale: 1" = 2000'

EXHIBIT
B

ROBCON00307

RECEPTION#: 662984, 08/27/2007 at 10:53:20 AM, 7 OF 7 Doc Code:LIEN, Kay Weinland, Routt County, CO

[redacted]

TWO PARCELS OF LAND LOCATED IN SECTIONS [illegible], TOWNSHIP [illegible] NORTH, RANGE 87 WEST OF THE SIXTH PRINCIPAL MERIDIAN, ROUTT COUNTY, COLORADO MORE PARTICULARLY DESCRIBED AS FOLLOWS:

EAST PARCEL (AS DESCRIBED ON LAND SURVEY PLAT OF [illegible] AT GRASSY CREEK, ROUTT COUNTY RECEPTION NO. [illegible], LAND SURVEY PLATS FILE NO. [illegible])

BEGINNING AT THE NORTHWEST CORNER OF SECTION 22; THENCE [illegible], [illegible] FEET ALONG THE NORTH LINE OF SECTION 22 TO THE NORTH ONE QUARTER CORNER OF SECTION 22; THENCE [illegible], [illegible] FEET ALONG THE NORTH LINE OF SECTION 22 TO THE EAST 1/16TH CORNER BETWEEN SECTIONS 15 AND 22; THENCE [illegible], [illegible] FEET ALONG THE EAST LINE OF THE WEST HALF OF THE NORTHEAST QUARTER OF SECTION 22 TO THE C-E 1/16TH CORNER OF SECTION 22; THENCE [illegible], [illegible] FEET ALONG THE EAST LINE OF THE WEST ½ OF THE SOUTHEAST QUARTER OF SECTION 22 TO THE SOUTHEAST 1/16TH CORNER OF SECTION 22; THENCE [illegible], [illegible] FEET ALONG THE EAST LINE OF THE WEST ½ OF THE SOUTHEAST QUARTER OF SECTION 22 TO THE EAST 1/16TH CORNER BETWEEN SECTIONS 22 AND 27; THENCE [illegible], [illegible] FEET ALONG THE EAST LINE OF THE NORTHWEST QUARTER OF THE NORTHEAST QUARTER OF SECTION 27 TO THE NORTHEAST 1/16TH CORNER OF SECTION 27; THENCE [illegible], [illegible] FEET ALONG THE SOUTH LINE OF THE NORTHWEST QUARTER OF THE NORTHEAST QUARTER OF SECTION 27 TO THE C-N 1/16TH CORNER OF THE NORTHEAST QUARTER OF SECTION 27; THENCE [illegible], [illegible] FEET ALONG THE EAST LINE OF THE WEST HALF OF THE SOUTHWEST QUARTER OF THE NORTHEAST QUARTER OF SECTION 27 TO THE CENTERLINE OF ROUTT COUNTY ROAD [illegible]; THENCE ALONG THE CENTERLINE OF ROUTT COUNTY ROAD [illegible] THE FOLLOWING SEVEN COURSES AND DISTANCES:

1. [illegible], [illegible] FEET
2. [illegible], [illegible] FEET
3. [illegible], [illegible] FEET
4. [illegible], [illegible] FEET
5. [illegible], [illegible] FEET
6. [illegible], [illegible] FEET
7. [illegible], [illegible] FEET TO THE SOUTHERLY LINE OF THE NORTHEAST QUARTER OF SECTION 27;

THENCE [illegible], [illegible] FEET ALONG THE SOUTH LINE OF THE NORTHEAST QUARTER OF SECTION 27 TO THE CENTER ONE QUARTER CORNER OF SECTION 27; THENCE [illegible], [illegible] FEET ALONG THE NORTH-SOUTH CENTERLINE OF SECTION 27 TO THE CENTERLINE OF ROUTT COUNTY ROAD [illegible]; THENCE ALONG THE CENTERLINE OF ROUTT COUNTY ROAD [illegible] THE FOLLOWING ELEVEN COURSES AND DISTANCES:

1. [illegible], [illegible] FEET
2. [illegible], [illegible] FEET
3. [illegible], [illegible] FEET
4. [illegible], [illegible] FEET
5. [illegible], [illegible] FEET
6. [illegible], [illegible] FEET
7. [illegible], [illegible] FEET
8. [illegible], [illegible] FEET
9. [illegible], [illegible] FEET
10. [illegible], [illegible] FEET
11. [illegible], [illegible] FEET TO THE WEST LINE OF THE NORTHEAST QUARTER OF THE SOUTHWEST QUARTER OF SECTION 27;

THENCE [illegible], [illegible] FEET ALONG THE WEST LINE OF THE NORTHEAST QUARTER OF THE SOUTHWEST QUARTER OF SECTION 27 TO THE C-W 1/16TH CORNER OF SECTION 27; THENCE [illegible], [illegible] FEET ALONG THE WEST LINE OF THE EAST HALF OF THE NORTHWEST QUARTER OF SECTION 27 TO THE WEST 1/16TH CORNER BETWEEN SECTIONS 22 AND 27; THENCE [illegible], [illegible] FEET ALONG THE SOUTH LINE OF SECTION 22 TO THE SOUTHWEST CORNER OF SECTION 22; THENCE [illegible], [illegible] FEET ALONG THE SOUTH LINE OF SECTION 21 TO THE EAST 1/16 CORNER BETWEEN SECTIONS 21 AND 28; THENCE [illegible], [illegible] FEET ALONG THE EAST LINE OF THE NORTHWEST QUARTER OF THE NORTHEAST QUARTER OF SECTION 28 TO THE NORTHEAST 1/16TH CORNER OF SECTION 28; THENCE [illegible], [illegible] FEET ALONG THE SOUTH LINE OF THE NORTHWEST QUARTER OF THE NORTHEAST QUARTER OF SECTION 28 TO THE C-N 1/16TH CORNER OF SECTION 28; THENCE [illegible], [illegible] FEET ALONG THE WEST LINE OF THE NORTHWEST QUARTER OF THE NORTHEAST QUARTER OF SECTION 28 TO THE ONE QUARTER CORNER BETWEEN SECTIONS 21 AND 28; THENCE [illegible], [illegible] FEET ALONG THE SOUTHERLY LINE OF SECTION 21 TO THE EASTERLY BOUNDARY LINE OF A PARCEL OF LAND DESCRIBED IN BOOK [illegible], PAGE [illegible] AS PARCEL A; THENCE ALONG THE EASTERLY LINE OF THE PARCEL A DESCRIBED IN BOOK [illegible], PAGE [illegible] THE FOLLOWING EIGHT COURSES AND DISTANCES:

1. [illegible], [illegible] FEET
2. [illegible], [illegible] FEET
3. [illegible], [illegible] FEET
4. [illegible], [illegible] FEET
5. [illegible], [illegible] FEET
6. [illegible], [illegible] FEET
7. [illegible], [illegible] FEET
8. [illegible], [illegible] FEET TO THE NORTHERLY LINE OF SECTION 21;

THENCE [illegible], [illegible] FEET ALONG THE NORTHERLY LINE OF SECTION 21 TO THE WEST 1/16TH CORNER BETWEEN SECTIONS 16 AND 21; THENCE [illegible], [illegible] FEET ALONG THE NORTH LINE OF SECTION 21 TO THE C-W 1/16TH CORNER BETWEEN SECTIONS 16 AND 21; THENCE [illegible], [illegible] FEET ALONG THE WEST LINE OF THE EAST HALF OF THE EAST HALF OF THE SOUTHWEST QUARTER OF SECTION 16 TO THE C-E-W 1/16 CORNER OF SECTION 16; THENCE [illegible], [illegible] FEET ALONG THE EAST-WEST CENTERLINE OF SECTION 16 TO THE SOUTHEASTERLY BOUNDARY LINE OF PARCEL B DESCRIBED IN BOOK [illegible], PAGE [illegible]; THENCE ALONG THE SOUTHEASTERLY BOUNDARY LINE OF PARCEL B DESCRIBED IN BOOK [illegible] PAGE [illegible] THE FOLLOWING FIVE COURSES AND DISTANCES:

1. [illegible], [illegible] FEET
2. [illegible], [illegible] FEET
3. [illegible], [illegible] FEET
4. [illegible], [illegible] FEET
5. [illegible], [illegible] FEET TO A POINT ON THE WESTERLY BOUNDARY OF A PARCEL OF LAND DESCRIBED IN BOOK [illegible], PAGE [illegible]; THENCE ALONG THE WESTERLY BOUNDARY LINE OF THE PARCEL DESCRIBED IN BOOK [illegible], PAGE [illegible] THE FOLLOWING FOUR COURSES AND DISTANCES:

1. [illegible], [illegible] FEET
2. [illegible], [illegible] FEET
3. [illegible], [illegible] FEET
4. [illegible], [illegible] FEET TO THE EAST LINE OF SECTION 16.

THENCE [illegible], [illegible] FEET ALONG THE EAST LINE OF SECTION 16 TO THE POINT OF BEGINNING. SAID PARCEL OF LAND CONTAINS [illegible] ACRES, MORE OR LESS. ALL BEARINGS HEREIN ARE BASED ON A BEARING OF [illegible] FOR THE WEST LINE OF THE EAST HALF OF THE NORTHWEST QUARTER OF SECTION 27 BETWEEN FOUND 2 ½" OLD BRASS CAPS.

WEST PARCEL (AS DESCRIBED IN THE LAND SURVEY PLAT OF PART OF THE WEST ½ OF SECTION 21, TOWNSHIP [illegible] NORTH, RANGE 87 WEST AS RECORDED IN ROUTT COUNTY RECORDS LAND SURVEY PLAT FILE NO. [illegible])

A PARCEL OF LAND LOCATED IN THE WEST ½ OF SECTION 21, TOWNSHIP [illegible] NORTH, RANGE 87 WEST OF THE SIXTH PRINCIPAL MERIDIAN, ROUTT COUNTY, COLORADO MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE SOUTH LINE OF SECTION 21 AS MONUMENTED BY A 1 ½" ALUMINUM CAP ON A #5 REBAR, PLS [illegible], FROM WHICH THE SOUTH ¼ CORNER OF SECTION 21 BEARS [illegible], [illegible];
THENCE [illegible] ALONG THE SOUTH LINE OF SECTION 21, [illegible] FEET TO A POINT ON THE EASTERLY RIGHT OF WAY OF ROUTT COUNTY ROAD [illegible];
THENCE DEPARTING SAID SECTION LINE ALONG SAID EASTERLY RIGHT OF WAY LINE, A LINE PARALLEL TO AND THIRTY FEET EASTERLY OF THE CENTERLINE OF ROUTT COUNTY ROAD [illegible] AS IT CURRENTLY EXISTS THE FOLLOWING ELEVEN COURSES:
1. [illegible] FEET ALONG A NON-TANGENT CURVE TO THE RIGHT, HAVING A RADIUS OF [illegible] FEET, A CENTRAL ANGLE [illegible] AND A CHORD WHICH BEARS [illegible], [illegible] FEET TO A POINT OF TANGENCY;
2. THENCE [illegible], [illegible] FEET TO A POINT OF CURVATURE;
3. THENCE [illegible] FEET ALONG A CURVE TO THE LEFT, HAVING A RADIUS OF [illegible] FEET, A CENTRAL ANGLE OF [illegible] AND A CHORD WHICH BEARS [illegible], [illegible] FEET TO A POINT OF TANGENCY;
4. THENCE [illegible], [illegible] FEET TO A POINT OF CURVATURE;
5. THENCE [illegible] FEET ALONG A CURVE TO THE RIGHT, HAVING A RADIUS OF [illegible] FEET, A CENTRAL ANGLE OF [illegible] AND A CHORD WHICH BEARS [illegible], [illegible] FEET TO A POINT OF TANGENCY;
6. THENCE [illegible], [illegible] FEET TO A POINT OF CURVATURE;
7. THENCE [illegible] FEET ALONG A CURVE TO THE RIGHT, HAVING A RADIUS OF [illegible] FEET, A CENTRAL ANGLE OF [illegible] AND A CHORD WHICH BEARS [illegible], [illegible] FEET TO A POINT OF TANGENCY;
8. THENCE [illegible], [illegible] FEET TO A POINT OF CURVATURE;
9. THENCE [illegible] FEET ALONG A CURVE TO THE RIGHT, HAVING A RADIUS OF [illegible] FEET, A CENTRAL ANGLE OF [illegible] AND A CHORD WHICH BEARS [illegible], [illegible] FEET TO A POINT OF TANGENCY;
10. THENCE [illegible], [illegible] FEET TO A POINT OF CURVATURE;
11. THENCE [illegible] FEET ALONG A CURVE TO THE LEFT, HAVING A RADIUS OF [illegible] FEET, A CENTRAL ANGLE OF [illegible] AND A CHORD WHICH BEARS [illegible], [illegible] FEET TO A POINT OF INTERSECTION WITH THE WEST LINE OF SECTION 21;
THENCE DEPARTING PARALLEL LINE OF ROUTT COUNTY ROAD [illegible] [illegible] ALONG THE WEST LINE OF SECTION 21, [illegible] FEET TO THE NORTHWEST CORNER OF SECTION 21 AS MONUMENTED BY A 3" ALUMINUM CAP ON #5 REBAR, LS [illegible];
THENCE [illegible] ALONG THE NORTH LINE OF SECTION 21, [illegible] FEET;
THENCE DEPARTING SAID NORTH SECTION LINE ALONG THE WESTERLY LINE OF A PROPERTY SHOWN AS [illegible] AT GRASSY CREEK AS RECORDED IN ROUTT COUNTY CLERK AND RECORDER'S OFFICE FILE NO. [illegible] OF THE LAND SURVEY PLATS AND RECEPTION NO. [illegible], [illegible], [illegible] FEET;
THENCE [illegible], [illegible] FEET;
THENCE [illegible], [illegible] FEET;
THENCE [illegible], [illegible] FEET;
THENCE [illegible], [illegible] FEET;
THENCE [illegible], [illegible] FEET;
THENCE [illegible], [illegible] FEET;
THENCE [illegible], [illegible] FEET TO THE POINT OF BEGINNING, CONTAINING [illegible] ACRES MORE OR LESS.

NOTICE: ACCORDING TO COLORADO LAW YOU MUST COMMENCE ANY LEGAL ACTION BASED UPON ANY DEFECT IN THIS SURVEY WITHIN THREE YEARS AFTER YOU FIRST DISCOVER SUCH DEFECT. IN NO EVENT, MAY ANY ACTION BASED UPON ANY DEFECT IN THIS SURVEY BE COMMENCED MORE THAN 10 YEARS